UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CIV 8321

-------------------------------------------------------------

JAMES PUCKETT,

             Plaintiff,

-against-

COHEN & SLAMOWITZ, LLP

             Defendant.

-------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff JAMES PUCKETT ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant COHEN & SLAMOWITZ, LLP ("Defendant" or "C&S"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and New York General Business Law §349.

**PARTIES**

2. Plaintiff is a resident of the State of New York, residing at 2055 McGraw Avenue Apt 2H, Bronx, NY 10462-8066.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4. Defendant C&S is a New York company engaged in business of collecting debts with its principal place of business located at 199 Crossways Park Drive, P.O. Box 9004,

Woodbury, NY 11797-9004.

5. C&S is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, CITIBANK, N.A., either directly or through intermediate transactions, assigned, placed, transferred, or sold the debt to C&S for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. On information and belief, on a date better known to the Defendant, Defendant began collecting the alleged consumer debt from the Plaintiff.

13. On information and belief, on a date better known to the Defendant, Defendant continued collecting the alleged consumer debt from the Plaintiff by sending a collection letter dated October 28, 2011 ("letter").

14. Defendant's letter states, in relevant part, "Our client has authorized us to commence a lawsuit against you."

15. Defendant's letter is deceptive and misleading as it does not state when said lawsuit would be filed and occur nor does Defendant provide any other details.

16. Defendant's letter states, in relevant part, "Should you wish to discuss this matter with us, kindly call us at the telephone number set forth above."

17. Defendant's letter when read in its entirety is deceptive and misleading as Plaintiff does not know how much time, if any, Plaintiff has left to discuss the matter before any potential lawsuit is "commenced" by Defendant.

18. Defendant's letter when read in its entirety is deceptive and misleading as Plaintiff does not know who Defendant's "client" is.

19. On information and belief, Defendant's letter is a form letter.

20. Defendant's letter contains the name of the law firm printed as the signature.

21. Plaintiff presumed that Defendant's letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as the letter was sent by C&S, a law firm, and on law firm stationary and stated that Defendant's "client has authorized us to commence a lawsuit against you [Plaintiff]".

22. Defendant implied to Plaintiff that C&S, a law firm, and its attorneys had analyzed the alleged debt and had rendered legal advice to the creditors concerning the alleged debt by sending the letters, signed by C&S, a law firm, and on law firm stationary and stated that Defendant's "client has authorized us to commence a lawsuit against you [Plaintiff]".

23. On information and belief, neither Defendant nor any attorney associated with Defendant performs any meaningful review of account files before sending collection letters substantially similar or materially identical to Defendant's letter.

24. On information and belief, Defendant uses a mechanized, computer-driven process to send these letters.

25. Defendant's letter does not include a *disclaimer* that should make clear even to the "least sophisticated consumer" that C&S, a law firm, or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney.

26. On information and belief, Defendant does not act as a law firm or as attorneys in any meaningful manner.

27. On information and belief, neither Defendant nor any attorney associated with Defendant meaningfully reviews or authorizes any particular letter before it is sent.

28. Defendant violated 15 U.S.C. §1692e-preface, (3), and (10) and §1692f-preface by sending Plaintiff the letter.

29. Upon information and belief, Defendant places telephone calls to Plaintiff in an attempt to collect the alleged debt.

30. Defendant fails to identify itself as a "debt collector" to Plaintiff.

31. Defendant fails to advise Plaintiff that Defendant "is attempting to collect a debt and any information obtained will be used for that purpose".

32. Defendant failed to give Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

33. Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

34. Defendant violated 15 U.S.C. §1692d-preface and (6) by failing to provide meaningful disclosure of the caller's identity to Plaintiff when the Defendant communicated with Plaintiff without identifying the purpose of the call and disclosing to Plaintiff the Defendant's identity as a debt collector calling in reference to a debt collection and that any information obtained will be used for that purpose.

35. Defendant failed to identify themselves and the name of their business in violation of 15 U.S.C. §1692e-preface, (10), and (14); and §1692f-preface.

36. Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish and emotional distress as a result of Defendant's harassment and actions.

37. Defendant violated the FDCPA.

38. Defendant violated New York General Business Law § 349.

39. Due to Defendant's violations of the FDCPA and New York General Business Law § 349 Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

Business Law §349.

       D.    Nominal damages;

       E.    A declaration that the Defendant's practices violated the FDCPA and New York General Business Law §349.

       F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JAMES PUCKETT hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

Dated:    November 14, 2011

                                     Respectfully submitted,

                                     By: _____
                                     Allison Polesky, Esq. (AP5446)
                                     LAW OFFICES OF ALLISON POLESKY, P.C.
                                     511 Avenue of the Americas, Suite 712
                                     New York, New York 10011
                                     Phone:   (866) 479-9500
                                     Facsimile: (866) 688-4300
                                     Attorney for Plaintiff JAMES PUCKETT